**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

FILED

MAR 1 9 2024

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| | **Criminal No.** 3:24CR 19 |
| **v.** | **Violations:** 18 U.S.C. § 371 |
| **JOHN AUSTIN PERKINS, III,** | 18 U.S.C. § 1519 |
| **Defendant.** | 18 U.S.C. § 1001(a)(2) |
| | 18 U.S.C. § 2 |

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

1.      The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is an agency within the Department of Justice which is empowered to investigate federal offenses involving the unlawful use, manufacture, and possession of firearms and explosives.

2.      Defendant **JOHN AUSTIN PERKINS, III**, at all relevant times, was an inmate at the Eastern Regional Jail in Martinsburg, West Virginia, Berkeley County, within the Northern District of West Virginia, held in custody pending the outcome of a parole hearing.

3.      From in or about September of 2022 to on or about October 3, 2022, B.R. was a federal pretrial inmate at the Eastern Regional Jail, who briefly shared a cell with Defendant **JOHN AUSTIN PERKINS, III**. B.R.'s charges related to firearms and had been investigated by the ATF.

4.      During the time that Defendant **JOHN AUSTIN PERKINS, III** shared a cell with

1

B.R., Defendant **JOHN AUSTIN PERKINS, III**, learned that B.R. had been charged with firearms offenses investigated by ATF agents and of personal information regarding B.R.

## COUNT ONE

(Conspiracy to Impede or Obstruct Official Function of the United States)

1.       Paragraphs One through Four of the General Allegations section of this Indictment are re-alleged and incorporated fully by reference herein.

*The Conspiracy*

2.       During a period commencing on or about September 23, 2022, and ending on or about November 22, 2022, in Berkeley County, in the Northern District of West Virginia, and elsewhere, Defendant **JOHN AUSTIN PERKINS, III** and his mother, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is: they conspired to interfere with and obstruct legitimate governmental activities of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, by interfering with and obstructing the federal investigation of B.R. in an attempt to obtain a favorable outcome in Defendant **JOHN AUSTIN PERKINS, III**'s parole proceedings.

*The Manner and Means of the Conspiracy*

3.       It was a part of the conspiracy that the Defendant **JOHN AUSTIN PERKINS, III**, and his mother, would by deceit, craft, trickery, and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the ATF in that Defendant **JOHN AUSTIN PERKINS, III** would, without solicitation, provide cooperation and information to the ATF in aid of its investigation into B.R. in an effort to gain credit for his cooperation with the aim of receiving a favorable outcome in parole proceedings.

4.       It was further a part of the conspiracy that Defendant **JOHN AUSTIN PERKINS, III**

2

would make materially false, fictitious, and fraudulent statements or representations to the ATF.

5.      It was still further a part of the conspiracy that Defendant **JOHN AUSTIN PERKINS, III**, would knowingly falsify, or aid in the falsification of, a record with the intent to impede, obstruct, and influence the investigation and proper administration of the ATF investigation involving B.R., a matter within the jurisdiction of the ATF, specifically, Defendant **JOHN AUSTIN PERKINS, III** fabricated letters, purportedly from B.R., laying out a plan to murder the ATF Special Agent who led the investigation into B.R. ("the ATF Special Agent").

6.      It was still further a part of the conspiracy that Defendant **JOHN AUSTIN PERKINS, III** would, through his mother, obtain information regarding B.R.'s custody status and personal information regarding the ATF Special Agent, so as to create letters which appeared to have been authored by B.R. and pose a serious threat to the ATF Special Agent.

*Overt Acts*

7.      In furtherance of the conspiracy, and to affect the objects thereof, the following overt acts were committed in the Northern District of West Virginia:

8.      On October 16, 2022, after receiving an unfavorable decision from the parole board, Defendant **JOHN AUSTIN PERKINS, III** solicited publicly available information of the ATF Special Agent from his mother and directed her to send a message to the ATF Special Agent indicating that he had a letter from B.R. which contained a credible threat to her life.

9.      On a date prior to October 17, 2022, the precise date unknown to the grand jury, Defendant **JOHN AUSTIN PERKINS, III** wrote two letters purporting to be from B.R. In the first letter, Defendant **JOHN AUSTIN PERKINS, III**, posing as B.R., discussed selling guns to a contact of Defendant **JOHN AUSTIN PERKINS, III**, seeking bond on his federal charges, and seeking advice on how to escape from the facility at which B.R. would receive his competency evaluation ("Letter One"). In the second letter, Defendant **JOHN AUSTIN PERKINS, III**, posing as B.R., stated

3

that he wanted to kill the ATF Special Agent in an effort to have his federal charges dismissed ("Letter Two"). In the letter, Defendant **JOHN AUSTIN PERKINS, III**, included specific facts regarding the investigation into B.R. and firearms the ATF had not recovered.

10.     On or about October 17, 2022, Defendant **JOHN AUSTIN PERKINS, III** met with a Special Agent of the ATF and provided him with Letter One and Letter Two. Defendant **JOHN AUSTIN PERKINS, III**, claimed that B.R. had sent him Letter One and then sent Letter Two in reply to Defendant **JOHN AUSTIN PERKINS, III**'s response. To conceal his falsification of these records, Defendant **JOHN AUSTIN PERKINS, III** claimed that B.R. had "kited" the letters through a kitchen employee.

11.     On or about October 20, 2022, a precise date unknown to the grand jury, Defendant **JOHN AUSTIN PERKINS, III**, sent a draft of a third letter to his mother, which he asked her to rewrite and deliver to him. The letter purported to be from B.R. and detailed new steps in the ongoing plan to murder the ATF Special Agent, including implicating another individual by name as involved in the fabricated plot ("Letter Three").

12.     On or about October 26, 2022, at the instruction of Defendant **JOHN AUSTIN PERKINS, III**, his mother confirmed that she had mailed the draft of Letter Three she copied over to him at the Eastern Regional Jail. The letter was rejected at the Eastern Regional Jail and returned to sender.

13.     On or about November 3, 2022, Defendant **JOHN AUSTIN PERKINS, III** directed his mother not to give Letter Three to the ATF unless they could do something to get Defendant **JOHN AUSTIN PERKINS, III**, out of custody.

14.     On or about November 22, 2022, Special Agents of the ATF and a Deputy United States Marshal interviewed Defendant **JOHN AUSTIN PERKINS, III**'s mother at her home. After an attempt to persist in the scheme, Defendant **JOHN AUSTIN PERKINS, III**'s mother admitted that

4

Letter Three had been fabricated and provided the original draft letter, with a note from Defendant **JOHN AUSTIN PERKINS, III**, which he had instructed her to copy.

15.     On or about November 22, 2022, Defendant **JOHN AUSTIN PERKINS, III** was interviewed by agents of the ATF and a Deputy United States Marshal. During the interview, Defendant **JOHN AUSTIN PERKINS, III**, continued to knowingly and willfully make materially false, fictitious, and fraudulent statements or representations to federal agents, before admitting to fabricating all three letters.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

(Falsification of Records in Federal Proceeding)

1.      Paragraphs One through Four of the General Allegations section and Paragraphs One through Fifteen of Count One of this Indictment are re-alleged and incorporated fully by reference herein.

2.      From on or about October 15, 2022, until on or about October 17, 2022, in Berkeley County, within the Northern District of West Virginia, defendant **JOHN AUSTIN PERKINS, III**, did knowingly falsify a document, to wit, a letter, referred to elsewhere as Letter One, purporting to be from B.R., a defendant charged in a federal proceeding, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, specifically, the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

All in violation of Title 18, United States Code, Section 1519.

## COUNT THREE

(Falsification of Records in Federal Proceeding)

1.      Paragraphs One through Four of the General Allegations section and Paragraphs One through Fifteen of Count One of this Indictment are re-alleged and incorporated fully by reference herein.

2.      From on or about October 15, 2022, until on or about October 17, 2022, in Berkeley County, within the Northern District of West Virginia, defendant **JOHN AUSTIN PERKINS, III**, did knowingly falsify a document, to wit, a letter, referred to elsewhere as Letter Two, purporting to be from B.R., a defendant charged in a federal proceeding, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, specifically, the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

All in violation of Title 18, United States Code, Section 1519.

## **COUNT FOUR**

(Falsification of Records in Federal Proceeding)

1.      Paragraphs One through Four of the General Allegations section and Paragraphs One through Fifteen of Count One of this Indictment are re-alleged and incorporated fully by reference herein.

2.      Beginning on or about October 20, 2022, and continuing until on or about October 26, 2022, in Berkeley County, within the Northern District of West Virginia, defendant **JOHN AUSTIN PERKINS, III**, aided and abetted by his mother, did knowingly falsify a document, to wit, a letter, referred to elsewhere as Letter Three, purporting to be from B.R., a defendant charged in a federal proceeding, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, specifically, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency within the purview of the Department of Justice.

All in violation of Title 18, United States Code, Sections 1519 and 2.

8

## **COUNT FIVE**

(False Statement to Federal Agent)

1.      Paragraphs One through Four of the General Allegations section and Paragraphs One through Fifteen of Count One of this Indictment are re-alleged and incorporated fully by reference herein.

2.      On or about November 22, 2022, in Berkeley County, in the Northern District of West Virginia, with respect to an ongoing federal criminal investigation, defendant **JOHN AUSTIN PERKINS, III**, did knowingly and willfully make materially false, fictitious, fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, by claiming that B.R. had, in fact, written the first two threatening letters. The statements and representations were false because the defendant **JOHN AUSTIN PERKINS, III**, then and there knew that he had, in fact, written or caused to be written all three threatening letters.

All in violation of Title 18, United States Code, Section 1001(a)(2).


A true bill,

/s/_____
Foreperson



/s/_____
WILLIAM IHLENFELD
United States Attorney

Eleanor F. Hurney
Assistant United States Attorney